Joseph H. SHARLITT and Neal E. Krucoff, Plaintiffs-Appellants,

v.

Joseph B. GORINSTEIN and William F. Mahoney, Defendants-Appellees.

No. 75–4354

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 30, 1976.

Rehearing Denied July 28, 1976.

Howard R. Hirsch, Miami Beach, Fla., for plaintiffs-appellants.

Alexander S. Gordon, Richard P. Kenney, Miami, Fla., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In this Florida diversity case, the district court granted summary judgment for defendants both on plaintiffs' original claim and on defendants' counterclaim. We vacate the summary judgment on the counterclaim because it was rendered in violation of the procedural requisites of Fed.R.Civ.P. 56, and pretermit any decision on the propriety of the partial judgment on the primary claim.

The facts as developed to this point in the litigation disclose that in the fall of 1973 Sharlitt negotiated with Gorinstein to invest in a business organized and promoted by defendants. The new corporation (IPP) was to establish stations in Puerto Rico for receiving blood from donors and was to maintain facilites for isolating plasma and other valuable medical components (e.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

*g.,* gamma globulin, albumin). On February 11, 1974, Sharlitt entered into an agreement with defendants to buy 1% of IPP on or before March 11, 1974 for $38,333.00 and to purchase two additional stock increments of 1% each for $38,333.00 apiece on or before April 24 and on or before December 31 of that year. Sharlitt paid the price of the first purchase increment in March and with defendants' consent assigned a portion of the shares to his law partner, Krucoff. However, when notified on May 10, 1974 that the business had collapsed, Sharlitt did not pay the amount specified for either of the other two purchases provided for by the stock purchase agreement.

The complaint alleged that plaintiffs were entitled to a refund of their $38,333.00 investment on the basis that defendants had failed to perform certain oral promises and commitments made contemporaneously with the purchase agreement. In addition to denying that any such oral commitments had been made, defendants counterclaimed for $76,666.00, the total sum due for the two remaining 1% stock purchases under the terms of the agreement. In its reply to the counterclaim, plaintiff alleged, *inter alia,* that it had no continuing obligation to make further investments in IPP since "there was no further project in which to invest."

On October 15, 1975, after depositions of the principal parties had been taken and a pre-trial conference held, defendants filed their motion for summary judgment as to plaintiffs' claim. The motion did not purport to cover defendants' counterclaim. In support of its motion, defendants contended that any evidence of the alleged oral commitments were inadmissible under the parol evidence rule and alternatively, that any oral promises made were unenforceable under the Statute of Frauds. Without assigning any reasons for its decision, on November 7, 1975 the court rendered summary judgment for defendants on the plaintiffs' claim.

No action was taken on the counterclaim until December 6, 1975, when in reviewing the file in preparation for trial of the counterclaim, the district court decided that the "very issues raised by the Counterdefendants' Reply to the Counterclaim were disposed of by said Summary Judgment of November 7, 1975, in favor of Defendants." The court sua sponte entered judgment for defendants on the counterclaim. Except for later vacating the judgment as to plaintiff Krucoff, the court refused to grant plaintiff Sharlitt's request to reconsider its order.

On appeal, Sharlitt complains that the court's sua sponte ruling denied him an opportunity to defend against defendants' counterclaim in violation of Fed.R.Civ.P. 56. We agree that the correct procedure was not followed. Rule 56 clearly requires that the party opposing summary judgment be given notice of a motion for that relief and be allowed 10 days within which to submit affidavits. This court has interpreted the terms of Rule 56 strictly by refusing to dispense with procedural safeguards in instances where a motion to dismiss is treated as a motion for summary judgment by the district court. *Scott v. Courtesy Inns, Inc.,* 472 F.2d 563 (5th Cir. 1973); *Guiterrez v. El Paso Community Action Program,* 462 F.2d 121 (5th Cir. 1972). A fortiori we will not countenance the final termination of a party's defense to an asserted claim by judgment on the claim entered without a motion for summary relief and the rule-required notice and opportunity to develop any defense.

The district court characterized the issues raised by the counterclaim as identical to those already disposed of by the prior summary judgment on plaintiffs' claim. If this assessment were undisputed, the failure to follow the notice procedure of the rule might be harmless. However, this very point is contested by plaintiff here. Although both the original claim and the counterclaim revolve around basically the same fact matrix, Sharlitt contends that the collapse of the venture excused his additional purchases of stock. Without intimating any view on the merits of such a defense, plaintiffs should have the chance to present the matter through discovery procedures or

opposing affidavits or otherwise be given the opportunity to convince the court that a material fact dispute exists as to its liability for the two additional investments in IPP.

Since a remand on a portion of this action is necessary, the adjudication of the merits of the principal claim becomes a partial judgment unreviewable here. We therefore remand the case with instructions to allow plaintiffs the opportunity provided by Rule 56 to oppose the entry of a summary judgment on the counterclaim.

VACATED IN PART and REMANDED WITH DIRECTIONS.