L. Earl POWELL, Jr., and Estate of Lela
 B. Powell, Deceased, L. Earl Powell, Jr.,
 Executor, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 87–1714.

United States Court of Appeals,
Fifth Circuit.

July 29, 1988.

Michael W. Stucker, Garland, Tex., for plaintiff-appellant.

Ann B. Durney, Michael L. Paup, Chief, Appellate Sec., Dept. of Justice, Michael C. Durney, Acting Asst. Atty. Gen., William S. Rose, Jr., Gary R. Allen, Howard M. Soloman, Asst. Attys. Gen., Washington, D.C., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG and GARWOOD, Circuit Judges.

GOLDBERG, Circuit Judge:

On the scheduled trial date, at a pretrial conference, the district court judge first gave plaintiffs notice that he might enter summary judgment. Several hours later, when the lawyers returned to pick the jury, they were informed that the judge had decided to enter a sua sponte summary judgment for the government. Because settled precedent in this circuit bars entry of summary judgment without the ten days notice mandated by Fed.R.Civ.P. 56(c), we reverse and remand.

## I. BACKGROUND

L. Earl Powell, Jr. and the estate of his deceased wife, (the "Taxpayers"), seek a refund of $17,458.00 of federal income taxes paid for their 1977 tax year.[1] The Taxpayers allege that they are entitled to this refund because the Internal Revenue Service erred by including $53,400.00 of bonus income in their 1977 taxable income.

During 1977, L. Earl Powell, Jr., ("Powell") was President of American Hatch Corporation, a subsidiary of Gail E. Cooper, Inc. In August 1977, Powell was told that American Hatch would pay him a bonus of $68,400.00. On or before August 10, 1977,

in connection with this bonus, Powell was required to give his employer his personal check for $68,400.00. Powell, however, did not have sufficient funds in his personal account to cover this check. The corporations' controller then deposited cashier's checks totalling $73,400.00 in Powell's personal checking account.[2] The $5,000.00 difference between the check Powell gave his employer and the cashier's checks was his salary for the month of August 1977.

The next day, August 11, 1977, Powell gave his employer a cashier's check for $68,400.00. In return he received the $68,400.00 check that he had written on his personal account and a promissory note from Gail E. Cooper, Inc. The promissory note, dated August 11, 1977, was in the amount of $68,400.00 and provided for payments of $5,000.00 per month. Powell received payments totalling $15,000.00 during the remaining months of 1977.

In June 1978, American Hatch Corporation filed for bankruptcy. The Taxpayers filed a proof of claim in the bankruptcy proceeding for the $53,400.00 balance remaining on the note. Although Gail E. Cooper, Inc., the obligor on the note, never filed for bankruptcy the Taxpayers have not received any additional payments on the promissory note.

On their 1977 individual income tax return, the Taxpayers reported the entire $68,400.00 bonus as income. The Taxpayers, however, later contended that only the $15,000.00 that they received in payments on the note should have been income. The difference between the $68,400.00 reported and the $15,000.00 received as note payments is the $53,400.00 in dispute.

This case was set for a jury trial at 1:30 p.m. on June 4, 1987. On the morning of June 4, 1987, the district court judge met with the parties' attorneys. The judge told

---

1. The Taxpayers did not complete payment of their 1977 tax liability until February 1, 1984. As a result, in addition to a refund of the tax, the Taxpayers also seek: (1) a refund of interest of $14,560.38 paid to the Internal Revenue Service on February 1, 1984; (2) a refund of penalty of $3,745.43 paid to the Internal Revenue Service on February 1, 1984; and (3) interest

accrued since February 1, 1984 as provided by law.

2. One of the two cashier's checks was from American Hatch for $33,400.00. The other cashier's check was from Gail E. Cooper, Inc., for $40,000.00.

the attorneys that he scheduled the conference to "make sure that [he] understood fully the extent of uncontested facts in this case." The judge established that the parties did not dispute the exchange of checks and Powell's receipt of the promissory note. The district court judge then said "the reason I invited you to appear so we could have a discussion on the record, is whether or not the Government is entitled to judgment as a matter of law on those undisputed facts."

The Taxpayers' attorney responded that he believed there was a dispute as to whether Powell was *required* to give the initial check to his employer before receiving the bonus.

The district court judge continued:

Make your best pitch to me to make sure I understand ... as to why the factual scenario that you have outlined has legal significance or consequence as far as removing this from a matter of law question.... Assuming that you are exactly correct regarding the transaction and what happened, the exchange of the checks, they got his personal check, they held it, they gave him the checks and then the note followed and then he got payments under the note. Articulate for me your view as to why that factual scenario, assuming it is true, removes this from purely a legal question.

The Taxpayers' attorney responded that, given certain additional assumptions regarding the fair market value of the note,

he believed that the *Taxpayers* were entitled to judgment as a matter of law. The district court judge then asked the government's attorney why the government had not filed a motion for summary judgment. The judge concluded the conference without announcing any decision. He said:

We have the jury panel at one thirty. If I could meet with you say ten minutes before that time. We will either proceed with the trial before the jury or not at that time.

The district court judge did not hold the scheduled trial that afternoon. Instead, when the attorneys returned to court for the trial they were told that the judge had decided to enter summary judgment for the government.[3]

On August 18, 1987, the district court judge entered the sua sponte summary judgment for the government. The district court held that, as a matter of law, Powell's receipt of the cashier's checks was income under 26 U.S.C. § 61. The district court further found that, after receiving the $68,400.00 bonus, Powell loaned the bonus to Gail E. Cooper, Inc.

## II. SUMMARY JUDGMENT

Fed.R.Civ.P. 56 governs summary judgment. Rule 56(a) provides for a summary judgment motion by a claimant.[4] Rule 56(b) provides for a summary judgment motion by a defending party.[5] Rule 56 does not speak to summary judgment on the court's own motion.[6] Rule 56(c) governs service of a summary judgment motion and proceedings on the motion:

---

**3.** This conference is not included in the record. The parties, however, do not dispute that this is what occurred and it seems the only logical explanation for the district court judge's decision not to hold the scheduled trial that afternoon. As a result, we find it unnecessary to remand the case to the district court to correct or modify the record under Fed.R.App.P. 10(e).

**4.** Fed.R.Civ.P. 56(a) provides:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**5.** Fed.R.Civ.P. 56(b) provides:

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**6.** We note that in the past we have generally held that a written summary judgment motion by the prevailing party is a prerequisite to a summary judgment. *Capital Films Corp. v. Charles Fries Productions, Inc.,* 628 F.2d 387 (5th Cir.1980); *Alder v. Hailey (In re Hailey),* 621 F.2d 169 (5th Cir.1980); *Hanson v. Polk County Land, Inc.,* 608 F.2d 129, 131 (5th Cir.1979). *But see* Fed.R.Civ.P. 12(b) (providing for conversion of Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Fed.R.Civ.P. 56(c).

This court has strictly enforced the ten day notice requirement of Rule 56(c).[7] The

district judge did not comply with this requirement. We begin with a review of the notice requirement and conclude with discussion of whether the error was, in this case, harmless.

### A. Notice Requirement

This court has explained that the strict enforcement of the notice requirement is necessary because a summary judgment is a final adjudication on the merits. *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979). Since a summary judgment forecloses any future litigation of a case the district court must give proper notice to insure that the nonmoving party had the opportunity to make every possible factual and legal argument.[8]

In this case, the Taxpayers had only a few hours notice that the district court was

granted into a Rule 56 summary judgment motion if the district court considers matters outside the pleadings); *Davis v. Howard,* 561 F.2d 565, 571–72 (5th Cir.1977) (no formal motion for summary judgment required in the conversion situation created by Rule 12(b)); *see Estate of Smith v. Tarrant County Hospital District,* 691 F.2d 207, 208 (5th Cir.1982) (court must carefully follow Rule 56 notice and hearing requirements when converting a Rule 12(b)(6) motion).

Other circuits, however, permit sua sponte summary judgments. *Portsmouth Square, Inc. v. Shareholders Protective Committee,* 770 F.2d 866, 869 (9th Cir.1985); *Davis Elliott International, Inc. v. Pan American Container Corp.,* 705 F.2d 705, 707 (3d Cir.1983); *Harrington v. Vandalia-Butler Board of Education,* 649 F.2d 434, 436 (6th Cir.1981); *FLLI Moretti Cereali S.p.A. v. Continental Grain Co.,* 563 F.2d 563, 565 (2d Cir.1977); *Choudhry v. Jenkins,* 559 F.2d 1085, 1091 (7th Cir.), *cert. denied,* 434 U.S. 997, 98 S.Ct. 634, 54 L.Ed.2d 491 (1977) (Pell, J., dissenting) (change in result inconceivable regardless of notice given, summary judgment should therefore be proper); *see also Diaz v. Schwerman Trucking Co.,* 709 F.2d 1371, 1375 n. 6 (11th Cir.1983) (Fed.R.Civ.P. 16 confers power on trial court to summarily decide a case without trial, and without a summary judgment motion, where no genuine issue of material fact exists).

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court considered the burden of producing evidence in the summary judgment context. The Court said:

> Our conclusion [that the moving party need not support the motion with affidavits or other similar materials negating the nonmoving party's claim] is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judg-

ments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.

477 U.S. at 326, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. Since the district court's failure to give the required ten days notice requires reversal, we leave for another day the issue of whether a district court may now enter summary judgment sua sponte in this circuit. Nevertheless, in our view the preferable approach to the motion requirement seems to be that indicated in the Supreme Court's *Celotex* opinion. With the required ten days notice, and assuming the notice was sufficient so that the losing party could not be said to have been unfairly surprised or confused, it is difficult to see how the absence of a formal motion by the opposite party could be harmful error.

7. *Western Fire Insurance Co. v. Copeland,* 786 F.2d 649, 652 (5th Cir.1986); *Capital Films Corp. v. Charles Fries Productions, Inc.,* 628 F.2d 387, 391–92 (5th Cir.1980); *Alder v. Hailey (In re Hailey),* 621 F.2d 169, 171 (5th Cir.1980); *Hanson v. Polk County Land, Inc.,* 608 F.2d 129, 131 (5th Cir.1979) (ten day notice provision "is not an unimportant technicality, but serves substantial interests"); *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979); *Davis v. Howard,* 561 F.2d 565 (5th Cir.1977); *Sharlitt v. Gorinstein,* 535 F.2d 282, 283 (5th Cir.1976).

8. *See Hanson v. Polk County Land, Inc.,* 608 F.2d 129, 131 (5th Cir.1979); 10A C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure,* § 2719 at 6–7 (1983).

Even circuits that clearly permit sua sponte summary judgment generally enforce the ten day notice requirement. *See Milburn v. United States,* 734 F.2d 762, 765–66 (11th Cir.1984) (court strictly enforces ten day notice require-

considering entry of summary judgment against them. This was surely not sufficient time to allow the Taxpayers counsel to submit all of its legal and factual arguments. Although Taxpayers counsel was, presumably, prepared to go to trial, preparation for trial is very different from that required to oppose a summary judgment motion. *See Gutwein v. Roche Laboratories,* 739 F.2d 93 (2d Cir.1984). Although more than two months passed between the scheduled trial date when the parties were advised that the district court had decided to enter judgment for the government and the actual entry of the judgment, this time cannot substitute for notice *before* the court's decision.[9]

### B. Harmless Error

In *Norman v. McCotter,* 765 F.2d 504 (5th Cir.1985), this court held that failure to give a habeas corpus petitioner notice and an opportunity to be heard before entry of summary judgment constituted harmless error. *Id.* at 508. The court based the harmless error finding on its review of the petitioner's affidavit, filed for the first time in this court.[10] Because we do not have the affidavits or other information that the Taxpayers would have submitted to the district court we cannot make a harmless error finding in the same way that the *Norman* court did.

In *Western Fire Insurance Co. v. Copeland,* 786 F.2d 649 (5th Cir.1986), the court, citing *Norman,* noted that the harmless error doctrine applies to lack of the notice required by Rule 56(c). The *Western Fire* court said that the trial court should generally evaluate the nonmoving party's evidence on a motion for summary judgment

---

ment); *Davis Elliott International, Inc. v. Pan American Container Corp.,* 705 F.2d 705, 707 (3d Cir.1983) (although district court may enter summary judgment sua sponte, ten days notice is required); *Yashon v. Gregory,* 737 F.2d 547, 552 (6th Cir.1984) ("clearly established rule in this circuit is that a district court must afford the party against whom *sua sponte* summary judgment is to be entered ten-days notice and an adequate opportunity to respond"); *Harrington v. Vandalia–Butler Board of Education,* 649 F.2d 434, 436 (6th Cir.1981) (although district court may enter summary judgment sua sponte ten days notice is required); *Hoopes v. Equifax, Inc.,* 611 F.2d 134, 135 (6th Cir.1979) (district court must comply with ten day notice requirement even when summary judgment motion is made on the day of trial); *Herzog & Straus v. GRT Corp.,* 553 F.2d 789, 792 (2d Cir.1977) (ten day notice and hearing also required when judge considers sua sponte summary judgment); *see also Adams v. Campbell County School District,* 483 F.2d 1351, 1353 (10th Cir.1973) (court has no authority to grant summary judgment without first giving ten days notice); *Winfrey v. Brewer,* 570 F.2d 761, 764 (8th Cir.1978) (strictly construing ten day notice requirement); *Utility Control Corp. v. Prince William Construction Co., Inc.,* 558 F.2d 716, 719 (4th Cir.1977) (same).

In some circumstances, however, the Ninth and Tenth Circuits permit entry of summary judgment without ten days notice following a pretrial conference. *See Portsmouth Square, Inc. v. Shareholders Protective Committee,* 770 F.2d 866, 869 (9th Cir.1985) (notice adequate where district court told parties at final pretrial conference that it was considering entering summary judgment and repeatedly asked counsel against whom judgment was entered to show

a genuine issue of material fact); *Herzog & Straus,* 553 F.2d at 793 (Timbers, J., concurring specially) (court should not require rigid ten day notice before sua sponte summary judgment; district court judge's discretion should control timetable); *Wirtz v. Young Electric Sign Co.,* 315 F.2d 326, 327 (10th Cir.1963) ("Summary disposition of a cause may logically and properly follow a pre-trial conference when the pre-trial procedures disclose the lack of a disputed issue of material fact and the facts so established indicate an unequivocal right to judgment favoring a party."); *Green v. Kaesler–Allen Lumber Co.,* 197 Kan. 788, 420 P.2d 1019, 1021 (1966) (same).

**9.** *See Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 393 n. 2 (6th Cir.1975) (asking court to reconsider judgment and submitting materials to district court after entry of judgment are not prerequisites to appeal on summary judgment notice issue).

**10.** The court noted that it considered the "delinquent affidavit ... only because [Norman] is a pro se petitioner and only because he reasonably claims he would have submitted it to the district court had he been notified that the state's motion [to dismiss] was going to be treated as a motion for summary judgment." *Id.* at 508 n. 3.

Earlier, in *Sharlitt v. Gorinstein,* 535 F.2d 282 (5th Cir.1976), this court rejected the prevailing party's contention that the district court's error in complying with the Rule 56 motion and notice requirements was harmless. The *Sharlitt* court did not specifically adopt the harmless error doctrine but found reversal necessary because the nonmoving party contended that there was a material factual dispute. *Id.* at 283–84.

before the appellate court does so. *Id.* at 653 n. 4. The court then reversed the summary judgment concluding, on the basis of a limited evidentiary record, that "[w]hile we do not decide whether disputed questions of fact appear in the record before us, it is clear that if plaintiffs had been given ten days to answer defendants' contentions, they might have avoided the result reached [in the trial court]." *Id.* at 653 (quoting *Hanson v. Polk County Land, Inc.,* 608 F.2d 129, 131 (5th Cir. 1979)).

Because the precedent on application of the harmless error doctrine to this issue in this circuit is so limited we look to the decisions in other circuits.

In an early case, *Oppenheimer v. Morton Hotel Corp.,* 324 F.2d 766 (6th Cir. 1963), the Sixth Circuit found the district court's failure to give ten days notice harmless error because the district court had asked the nonmoving party whether he had any additional evidence to submit and received a negative answer. *Id.* at 767–68. The Sixth Circuit also noted that the nonmoving party did not contend on appeal that he had additional evidence to submit and therefore found reversal to allow ten days to pass a "useless procedure." *Id.* at 768. The Sixth Circuit continues to apply the harmless error rule to this issue. They now require, however, that the nonmoving party demonstrate prejudice to obtain relief on appeal. *Yashon v. Gregory,* 737 F.2d 547 (6th Cir.1984); *Harrington v. Vandalia–Butler Board of Education,* 649 F.2d 434, 436 (6th Cir.1981); *Hoopes v. Equifax, Inc.,* 611 F.2d 134, 136 (6th Cir.1979). The Sixth Circuit has held that not having an opportunity to respond to the district court's proposed summary judgment constitutes prejudice. *Yashon,* 737 F.2d at 552; *Kistner v. Califano,* 579 F.2d 1004, 1006 (6th Cir.1978). In addition, they have concluded:

> when the non-moving party has had an opportunity to address the court concerning a motion and fails to object to an expedited decision thereon, or when the legal issue has already been fully briefed and no factual dispute exists, that party

has not been prejudiced by the court's noncompliance with Rule 56(c).

649 F.2d at 436.

The Third Circuit phrases the test for harmless error in terms of "whether there is any set of facts on which plaintiff could conceivably recover." *Davis Elliott International, Inc. v. Pan American Container Corp.,* 705 F.2d 705, 708 (3d Cir.1983). The *Davis Elliott* court, after finding that plaintiff could recover if he proved the facts he alleged, reversed and remanded. *Id.* at 709.

In *Ikerd v. Lapworth,* 435 F.2d 197 (7th Cir.1970), the district court granted summary judgment nine days after the motion was filed instead of waiting the requisite ten days. The Seventh Circuit noted that the nonmoving party neither pointed out the one day error to the district court nor attempted to introduce any affidavit or other material opposing the summary judgment motion. *Id.* at 203. The Seventh Circuit also noted that the nonmoving party did not claim any prejudice and that no prejudice was apparent from the record. *Id.* The court therefore affirmed the summary judgment. *Id.; see also Choudhry v. Jenkins,* 559 F.2d 1085, 1091 (7th Cir.), *cert. denied,* 434 U.S. 997, 98 S.Ct. 634, 54 L.Ed.2d 491 (1977) (Pell, J., dissenting) (change in result inconceivable regardless of notice given, summary judgment should therefore be proper).

In *Winbourne v. Eastern Air Lines, Inc.,* 632 F.2d 219 (2d Cir.1980), the Second Circuit noted that some circuits apply a harmless error analysis but found that the nonmoving party's request to submit papers in opposition to the motion and the district court's denial of the request "preclude[d] a finding of 'harmless error.'" *Id.* at 223. In a later case, *Gutwein v. Roche Laboratories,* 739 F.2d 93 (2d Cir.1984), the Second Circuit concluded that:

> While we may have left the door open for application of a harmless error rule, [632 F.2d] at 223 n. 6, we believe that use of such a rule must be limited to extraordinary cases in which the ten day notice is impractical, and it is absolutely clear that the nonmoving party suffered no preju-

dice from a shortening of the period. This follows, we believe, from the non-moving party's burden of production and the need for time to marshall and prepare documents indicating the presence of a disputed factual issue. Since preparation of papers to oppose a motion for summary judgment may differ materially from preparation for trial, the better practice is to establish discovery schedules which allow such motions to be made and considered prior to the trial date and simply to deny motions which do not afford the necessary notice.

739 F.2d at 95.

 It appears clear that error in notice is harmless if the nonmoving party admits that he has no additional evidence anyway or if, as in *Norman v. McCotter,* the appellate court evaluates all of the non-moving party's additional evidence and finds no genuine issue of material fact. This case is, however, different. The Taxpayers' attorney contended that there was a genuine issue of material fact regarding whether Powell was *required* to give the initial check to his employer before receiving the bonus. If, for example, the exchange of checks occurred under duress then, it would seem, that the receipt of the cashier's checks might not be taxable income. Yet the Taxpayer had no opportunity to submit summary judgment evidence to support his contention. As a result the district court's error was not harmless.

## III. CONCLUSION

The judgment is reversed and remanded, without prejudice to either party's right to move for summary judgment on remand. In view of the lack of record evidence in the present case, we leave the merits for another day.

REVERSED and REMANDED.