United States Court of Appeals,

Fifth Circuit.

No. 91–2425.

Charles W. WHITE, et al., Plaintiffs,

v.

TEXAS AMERICAN BANK/GALLERIA, N.A., et al., Defendants,

NCNB TEXAS NATIONAL BANK, Defendant–Appellee,

v.

Toni Y. KOZAK, Trustee of the Block Family Trust, Howard R. Block, Porter & Clements and John E. O'Neill, Intervenors–Appellants.

April 9, 1992.

Appeals from the United States District Court for the Southern District of Texas.

Before WILLIAMS and WIENER, Circuit Judges, and LITTLE, District Judge.[*]

WIENER, Circuit Judge:

Intervenors–Appellants, Toni Y. Kozak, Howard R. Block, Porter & Clements and John E. O'Neill (collectively "Appellants"), appeal from a summary judgment in favor of Defendant–Appellee, NCNB Texas National Bank (NCNB). Finding that the district prematurely granted the summary judgment, we reverse.

I.

FACTS AND PROCEEDINGS

In 1985, Aviation Equities, Ltd., a Texas limited partnership (AE)[1] made an installment sale of a piece of property to Southwest Airlines. Southwest agreed to pay AE in annual installments through 1990. Pursuant to agreement of the principals of AE, White was entitled to a specified share

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[1]The principals of Aviation Equities were Sierra Hotel JV III and Robert Nygren. The venturers in Sierra Hotel JV III were White and James R. Bath, the original defendant in this action.

of the proceeds of the Southwest note (the Note).

White instituted this suit in 1988 in a Texas state court seeking, among other things, a temporary injunction requiring his joint venturer to consent to a substitute collection agent for the Note. White added seven defendants, including Texas American Bank (the collection agent on the Note), Southwest Airlines, and NCNB, a creditor of White's that had obtained a judgment against him in other litigation.[2] When Texas American Bank was declared insolvent by the comptroller of the currency, the FDIC intervened and removed the case to federal district court.

After Southwest received conflicting payment instructions from several sources, and was informed that Texas American Bank had resigned as collection agent, it filed a counter-claim and a cross-claim in interpleader in this case, depositing the 1989 installment on the Note into the court's registry. And when the 1990 installment became due, Southwest deposited the payment for that installment as well into the court's registry.

Beginning in 1988, White had attempted to satisfy several personal debts by purporting to assign to a number of his creditors, and to grant them security interests in, fractional portions of his share of future annual installment payments under the Note. To the law firm Porter & Clements, White assigned portions of his shares of the 1989 and 1990 installments. To O'Neill, he assigned a portion of his share of the 1989 installment. And to Kozak and Block, White assigned a portion of his share of the 1990 installment.

As a judgment creditor of White, NCNB claimed an interest in the funds on deposit in the registry of the district court, and filed a motion for summary judgment. White countered NCNB's motion by asserting that he no longer had any interest in the funds because he had assigned all of his

---

[2]NCNB was awarded a judgment of $537,153.92 and attorney's fees of $120,000 plus costs and interest.

rights in the note to various creditors. After learning of the instant suit from White, apparently in late 1990, the Appellants moved to intervene[3] as a matter of right under Rule 24(a)(2), and attached to their motions documentation purporting to establish their claims to the deposited funds.

On March 1, 1991, the district court heard argument on all pending motions, including the Appellants' motions to intervene and NCNB's summary judgment motion. In a two page order, dated March 7th and entered on March 12th,[4] the district court granted the Appellants' motions to intervene, but simultaneously granted NCNB's motion for summary judgment. On May 3, 1991, the court entered another order, this time refusing to reconsider the order entered March 12th, or to expand on its conclusions and findings. The Appellants timely appealed the final judgment.

## II.

## ANALYSIS

The Appellants argue that the district court erred when it did not allow the Appellants ten days under Rule 56(c) in which to respond to NCNB's motion for summary judgment. They assert that by granting the motion for summary judgment and the motions to intervene in the very same order, the district court contravened both Rule 56 and Appellants' due process rights. They maintain, specifically, that when the district court delayed its grant of Appellants' motions to intervene until the moment it granted NCNB's motion for summary judgment, the court effectively denied Appellants' legal right to notice and right to oppose the motion for summary judgment because they were not parties to the action until the court's contemporaneous order granting them leave to intervene.

We agree with the Appellants that the district court erred when it failed to allow them ten days, as required by Fed.R.Civ.P. 56(c), in which to oppose NCNB's motion for summary judgment

---

[3]Kozak and Block moved to intervene on December 7, 1990. Porter & Clements and O'Neill moved to intervene on December 21, 1990.

[4]Final judgment releasing the funds to NCNB was entered on March 27, 1991.

properly.[5]  But, at the outset of this case, we are confronted with two even more fundamental difficulties:  first, the district court's failure to enter findings of fact and conclusions of law when it issued its orders of March 7th;  and, second, the court's refusal to do so on May 3rd in response to the Appellants' request for such findings and conclusions.  Although we review grants of summary judgment *de novo,* we remain a court of error.  Without adequate findings of fact and conclusions of law, we are severely hampered if not completely obstructed in our review.

In its order of March 7th, after granting the motions to intervene, the court stated, "It is further ORDERED that NCNB's motion for summary judgment (entry # 104) is GRANTED.  The Court finds that NCNB is entitled to receive the funds now held in the Court registry in satisfaction of the judgment that NCNB recovered in related action CV88–3016."

NCNB correctly points out that the district court stated on the record that the arguments of the Appellants were considered before the district court granted summary judgment to NCNB.  In its Order entered May 3rd in response to the Appellants' motions for reconsideration, the court stated that it

> carefully considered intervenors' argument that NCNB failed to allege a cause of action on which to base its motion for summary judgment, prior to ruling on NCNB's motion.  White asserted this argument in his response in opposition to NCNB's motion for summary judgment.  Further, the Court considered intervenors' other arguments in opposition to NCNB's motion, which intervenors presented in their motions to intervene, prior to ruling on NCNB's motion.  Because intervenors present no new arguments in support of their motion, it is hereby ... DENIED.

In neither of these orders did the court pronounce any findings of fact, and its one conclusion of law—that NCNB is entitled to the funds in the court's registry—is unsupported.  For purposes of review, these findings and conclusions are manifestly inadequate.  Furthermore, we find the record

---

[5]This situation should not be confused with those in which a *party* does not receive a separate identifiable ten-day notice under Rule 56(c) before the court renders a long pending motion for summary judgment, and the nonmoving party is held to have received sufficient notice via local rules of court.  *See, e.g. Prudhomme v. Tenneco Oil Co.,* 955 F.2d 390, —— (5th Cir.1992).

an insufficient basis on which to conduct an independent review *de novo,* in part because the Appellants had no opportunity to oppose NCNB's motion for summary judgment or otherwise participate in the case.

Although the dearth of pronouncements by the district court and the vacuous record in this case preclude our review of that court's grant of summary judgment in favor of NCNB, we are not equally hampered in our review of the court's decision to grant the Appellants' motions to intervene in the selfsame order in which it granted NCNB's motion for summary judgment. Fed.R.Civ.P. 56(c) requires that a motion for summary judgment be served on a non-moving *party* at least ten days before a hearing on a motion for summary judgment is held and so that the non-moving party is given a chance to respond to the motion.[6] In one sense, the Appellants could be said to have had ten days' notice of the hearing on the motion for summary judgment because the court noticed and scheduled all pending motions, including the motions to intervene and the motion for summary judgment, for the same date. Nevertheless, until the Appellants received leave to intervene, they were not parties to the suit and, consequently, had no standing to be served or to respond to NCNB's summary judgment motion.[7] In fact, we note from the record that at the joint hearing on intervention and summary judgment, counsel for one of the Appellants repeatedly remarked that he was there to argue his motion to intervene, not the merits of his clients' complaint. It was only when the court permitted them to intervene that the Appellants became parties to the action, equal in status to the original parties.[8] Only then were they entitled to litigate fully the merits of their claims to the interpled funds.[9] But to what avail? The district court granted the Appellants leave to intervene in the same order in

[6] *Powell v. U.S.,* 849 F.2d 1576, 1579 (5th Cir.1988). *Western Fire Insurance Co. v. Copeland,* 786 F.2d 649, 652 (5th Cir.1986).

[7] *See* 3 J. Moore & J. Kennedy, *Moore's Federal Practice,* § 24.12 (1991) (an order authorizing intervention is necessary before an intervenor becomes a party to the suit).

[8] *Ross v. Bernhard,* 396 U.S. 531, 541 n. 15, 90 S.Ct. 733, 740 n. 15, 24 L.Ed.2d 729 (1970).

[9] *In re First Colonial Corp.,* 544 F.2d 1291, 1297 (5th Cir.), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).

which the court granted summary judgment to NCNB. The action was over before it began for the Appellants. In this prize fight the referee held the gloves of the pugilists together for the symbolic touching and, in the same movement, lifted the glove of the victor before the first punch was thrown.

NCNB strenuously counters that the district court did not err because the court had before it all that it needed to render summary judgment. NCNB asserts that in effect the Appellants had already brought before the court all documentation evincing their purported interests in the note installments and that White, who did oppose the motion for summary judgment, adequately represented the interests of the Appellants. NCNB failed to demonstrate, however, how the Appellants may have had standing to oppose the motion for summary judgment as they had not yet been granted intervention and thus were yet not parties to the suit.

Despite the district court's curative assertion in its second order that it had "carefully considered intervenors' argument[s]," we cannot find such consideration adequate to afford to the Appellants the process they are due. Even if the Appellants had received notice of the impending hearing on NCNB's summary judgment motion, as non-parties they were legally powerless to do anything about it. The ten-day notice period required by Rule 56 is necessary because summary judgment forecloses any future litigation of a case.[10] We have stated on several occasions that the non-moving party must have an opportunity to make every factual and legal argument against the motion.[11] We have also strictly enforced the requirement that the non-moving party receive ten days' notice.[12] For example, in *Western Fire Insurance,* we reversed the district court's grant of an oral motion for partial summary judgment made on the first day of trial. In reaching our decision to reverse, we noted that no party should lose its case without a full opportunity to be heard, and we concluded that the district court erred in granting summary judgment without giving the plaintiffs an

[10]*Powell,* 849 F.2d at 1579.

[11]*Id.; Western Fire Insurance,* 786 F.2d at 652.

[12]*Powell,* 849 F.2d at 1579.

adequate procedural opportunity to oppose the motion.[13]

The district court also noted in its May 3rd order that White had asserted the Appellants' arguments when he opposed NCNB's motion. We are not convinced that White's interests converge with those of the Appellants'. On appeal the Appellants maintain that White gave them absolute assignments, but NCNB argues that the assignments were not absolute and were no more than security interests. If the assignments were absolute, it is conceivable that White could stand in the shoes of the Appellants and perhaps even present their arguments adequately. If NCNB is correct, however, the Appellants remain creditors of White, and their interests certainly cnanot be the same.

NCNB also makes two related arguments that we must reject. NCNB contends first that it is prejudiced because the motions to intervene were not filed until after NCNB filed its motion for summary judgment. NCNB has not, however, complained on appeal of the district court's decision to allow intervention.[14] In fact, at oral argument, NCNB conceded that such a determination is within the sound discretion of the district court. NCNB therefore cannot now be heard to complain that the intervention was prejudicially untimely.

NCNB next argues that the Appellants should not now be allowed additional time in which to oppose the summary judgment motion because the Appellants represented in their motions to intervene that they would not delay resolution of the case. As we find no overt representation to that effect in the record, we assume that NCNB is referring to the requirement of Rule 24(b) that "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." We note, however, that this requirement only applies to permissive

---

[13]*Western Fire Insurance,* 786 F.2d at 652–53.

[14]To the extent that their timeliness argument can be construed as an attack on the district court's decision to allow intervention, we reject it. The district court did not abuse its discretion in allowing the intervention.

interventions.  The Appellants filed with the court interventions as of right under Rule 24(a).[15]  Delay and prejudice do not enter into a court's consideration in allowing an intervention under Rule 24(a).  Therefore, this argument has no merit.

Finally, NCNB asserts that there are no genuine issues of material fact so that the district court was correct in deciding the motion for summary judgment as a matter of law;  and that as a matter of law, NCNB is entitled to the interpled funds.  As noted above, we cannot adequately respond to either of these contentions because the district court failed to enter any findings of fact or conclusions of law.  Therefore, we have no indication on what the district court relied in reaching its decision.  Furthermore, the Appellants maintain on appeal that, had they had an opportunity to oppose NCNB's motion, they would have presented summary judgment evidence sufficient to demonstrate the existence of genuine issues of material fact.[16]  As the Appellants had no opportunity to file summary judgment evidence, we can neither challenge nor accept this assertion even though we are fact-finders in appeals of summary judgments.  We do find, however, that for better or for worse, the Appellants must be given the opportunity to present their opposition to NCNB's motion for summary judgment in the district court.  The merits we must leave for another day.[17]

## III.

## CONCLUSION

---

[15]In its order of March 12th, the district court did not specify under which provision of the rule it was granting intervention.

[16]Including, *inter alia,* whether the assignments were absolute;  whether the Appellants are secured creditors of White;  whether NCNB induced Southwest to interplead the funds as NCNB claims;  whether NCNB has taken any action to become a lien creditor.

[17]NCNB is either an unsecured judgment creditor or a lien creditor of White.  On appeal, in support of its summary judgment, it has argued exhaustively that it is a lien creditor.  No doubt NCNB has deduced that it can prevail over the Appellants, regardless of whether the Appellants have valid assignments or unperfected security interests, only if it is a lien creditor.  Although we are not prepared to make a determination as to the merits of the summary judgment today, the record before us would have to be augmented significantly to sustain a judicial determination that NCNB is in fact a lien creditor.

For the foregoing reasons, the judgment of the district court is REVERSED insofar as it grants summary judgment in favor of NCNB and AFFIRMED insofar as it grants intervention of the Appellants; and we REMAND this case to the district court with instructions either to allow the Appellants an opportunity to respond to NCNB's motion for summary judgment as required by the Federal Rules of Civil Procedure, or to deny NCNB's motion and proceed with activities preparatory to a trial on the merits.