IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20542
(Summary Calendar)
_____


AMADO A. SOTO, ET AL.,

                                        Plaintiffs,

JUAN ENRIQUEZ,

                                        Plaintiff-Appellant,

versus

H.H. COFFIELD, Chairman,Texas Board of
Corrections at Rockdale, Texas; ET AL.,

                                        Defendants,

W.J. ESTELLE, Director, Texas Department of Corrections;
LESTER BEAIRD, Warden, Darrington Unit, Rosharon, Texas;
CHARLES AVERY, JR.; H.H. COFFIELD, Former Chairman of the
Texas Board of Corrections; JAMES MARVIN WINDHAM, Former
Chairman of the Texas Board of Corrections; RAYMOND
PROCUNIER, Former Chairman of the Texas Department of
Corrections; O.O. MCCOTTER, Former Director of the Texas
Department of Corrections; JAMES A. COLLINS, Director,
Texas Department of Criminal Justice, Institutional Division;
ALAN MITCHELL, Corrections Officer; JACK B. PURSLEY, Corrections
Officer; JAMES MICHAEL WILSON; B.S. HARTNET; S.O. WOODS,
Director of the Bureau of Classification,

                                        Defendants-Appellees.
-------------------------------------------------------------

LUCIEN MARSHALL PHILLIPS; ET AL.,

                                        Plaintiffs,

JUAN RODOLFO ENRIQUEZ,

                                        Plaintiff-Appellant,

versus

W.J. ESTELLE, JR., Individually and in his
official capacity as director of the Texas
Department of Corrections; ET AL.,

                                        Defendants,

LESTER H. BEAIRD, Individually and in his official
capacity as Warden of the Darrington Prison,

                                    Defendant-Appellee.
------------------------------------------------------------

JUAN RODOLFO ENRIQUEZ; ET AL.,

                                    Plaintiffs,

JUAN RODOLFO ENRIQUEZ,

                                    Plaintiff-Appellant,

versus

WILLIAM J. ESTELLE, JR, Director of Texas Department of
Corrections; JAMES MARVIN WINDHAM, Chairman of the Texas
Board of Corrections, Individually and in his official
capacity; H.H. COFFIELD, Former Chairman of the Texas Board
of Corrections, Individually and in his official capacity;
LESTER H. BEAIRD, Former Warden of the Darrington Unit,
Individually and in his official capacity; ALLEN MITCHELL,
Former Assistant Warden of the Darrington Unit, Individually
and in his official capacity,

                                    Defendants-Appellees.

                      --------------------
           Appeal from the United States District Court
                for the Southern District of Texas
         USDC Nos. H-73-CV-900, H-73-CV-1004, & H-73-CV-1374
                      --------------------
                         June 12, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Juan Rudolfo Enriquez, Texas state
prisoner # 227122, appeals from the district court's grant of
summary judgment to the defendants in three consolidated civil
rights cases.  He argues that the district court erred by granting

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

the defendants' motion for summary judgment without notice to Enriquez on his claims of racial discrimination, denial of access to the courts, and retaliation, and by determining that the claims Enriquez added in his amended complaint in 1992, which had not been asserted in his original complaint in 1973, were barred by Texas's two-year statute of limitations.

"This court has strictly enforced the ten day notice requirement of Rule 56(c)." Powell v. United States, 849 F.2d 1576, 1579 (5th Cir. 1988) (footnote omitted). Even when there is no notice to the nonmovant, however, summary judgment will be considered harmless if the nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact. Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1403 n.7 (5th Cir. 1993). As Enriquez has failed to demonstrate the existence of a genuine issue of material fact with regard to his claims of retaliation and denial of access to the courts, the district court's entry of summary judgment without notice to Enriquez on these issues constituted harmless error. See id. Further, the district court correctly determined that Enriquez's post-1973 claims were barred by Texas's two-year statute of limitations. See Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992).

The district court's entry of summary judgment on Enriquez's racial discrimination claims without notice to Enriquez did not constitute harmless error, however. The district court's grant of

3

summary judgment to the defendants on Enriquez's racial discrimination claims is therefore REVERSED and the case is REMANDED to the district court for further proceedings.

All outstanding motions are DENIED.

AFFIRMED IN PART; REVERSED IN PART; MOTIONS DENIED.