604 F.2d 367
 CA 79-3542 Victor UNDERWOOD and Carmen Edwards, for
themselves and all others similarly situated,
Plaintiffs-Appellants,
v.
Nell HUNTER et al., Individually and on behalf of all other
members of Boards of Registrars in the State of
Alabama, Defendants-Appellees.
 No. 79-1573
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 10, 1979.
 (Wilson) Edward Still, Birmingham, Ala., Neil Bradley, ACLU Foundation, Atlanta, Ga., for plaintiffs-appellants.
 James S. Ward, Asst. Atty. Gen., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before COLEMAN, FAY and RUBIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants challenge Section 182 of the Alabama Constitution, which disfranchises those convicted of certain crimes. In the District Court appellants asserted four causes of action: (1) the misdemeanors and minor felonies listed in § 182 as disfranchising offenses unconstitutionally impinge upon the franchise because they deny the franchise without a compelling state interest in violation of the First, Fifth, and Fourteenth Amendments of the U. S. Constitution; (2) the disfranchising offenses deny plaintiffs the equal protection of the laws because more serious offenses are not disabling; (3) disfranchisement for conviction of a "crime involving moral turpitude" is based on a definition that is unconstitutionally vague; (4) the list of offenses was specifically adopted with the intent to disfranchise blacks and in fact abridges the right to vote on the basis of race.
 
 
 2
 Appellants sought a preliminary injunction restoring them to the voting rolls and in support of this motion reasserted the first three causes of action. They did not urge the fourth cause of action as a basis for the preliminary injunction. On June 21, 1978, a hearing on the preliminary injunction was set for July 19. On July 6, appellants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court began the July 19 proceeding as a hearing on the preliminary injunction, but subsequently expanded it to include arguments on the motion to dismiss. Four witnesses testified at the hearing. On August 11, the Court issued a memorandum opinion in lieu of findings of fact and conclusions of law. It denied the preliminary injunction and held that the plaintiffs failed to state a claim under the first three causes of action. The Court reserved its decision as to the fourth cause of action pending further briefing.
 
 
 3
 However, as the Court itself noted, the Court heard the motion to dismiss along with the application for a preliminary injunction and was presented with evidence outside the pleadings. The Court further stated that "if the motion to dismiss is treated as a motion for summary judgment under Rule 56, it is due to be granted with respect to the first three causes of action."
 
 
 4
 Rule 12(b) of the Federal Rules of Civil Procedure provides that "(i)f, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 56 requires a 10-day notice and an opportunity to present additional material.
 
 
 5
 This Circuit has upheld the strict requirements of notice embodied in Rule 56 and by reference in Rule 12(b). The procedural facts in Georgia Southern & Florida Railway Co. v. Atlantic Coast Line Railroad Co., 5 Cir. 1967, 373 F.2d 493, Cert. denied, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967), were quite similar to those here. There the plaintiff filed a civil action and moved for a preliminary injunction. Shortly before the hearing on the preliminary injunction, the defendant filed a motion to dismiss for failure to state a claim. At the preliminary injunction hearing the Court heard testimony from five witnesses and heard oral argument. Several weeks later the trial judge dismissed the complaint with prejudice, and made findings of fact and law. We noted that because the trial court considered matters outside the pleadings, the motion to dismiss must be considered as a motion for summary judgment, and the hearing and notice requirements of Rule 12(b) and 56(c) must be adhered to. We reaffirmed the rule of Enochs v. Sisson, 5 Cir. 1962, 301 F.2d 125, where we held it an abuse of discretion to grant summary judgment without proper notice and hearing as required by Rule 56. Subsequent cases have reaffirmed our adherence to the strict notice and hearing requirements of Rules 12(b) and Rule 56 where the court sua sponte converts a 12(b)(6) motion into a summary judgment motion by considering matters outside the pleadings. See, e. g., Davis v. Howard, 5 Cir. 1977, 561 F.2d 565; Sharlitt v. Gorinstein, 5 Cir. 1976, 535 F.2d 282; Scott v. Courtesy Inns, Inc., 5 Cir. 1973, 472 F.2d 563; Gutierrez v. El Paso Community Action Program, 5 Cir. 1972, 462 F.2d 121.
 
 
 6
 Here the plaintiffs had no indication that a summary judgment, a final judgment, might result from the preliminary injunction hearing. The first indication that the material produced for the hearing would be used to support a summary judgment was the Court's order of dismissal. Loss on a preliminary injunction motion may not mean a loss at the trial on the merits. Similarly, a motion to dismiss may result in a rejection of the pleadings, but it does not go to the merits of the case. Consequently, a summary judgment carries far greater impact than the matters explicitly before the court at the hearing.
 
 
 7
 Appellants thus must have an opportunity to present additional material and arguments going to the issue of summary judgment. It may be that they have already provided everything they have, but as we observed in Georgia Southern, "When such a limited adjudication (the preliminary injunction) is the order of the day, we cannot say with assurance that the parties will present everything they have. The very intimation of mortality when summary judgment is at issue assures us that the motion will be rebutted with every factual and legal argument available." 373 F.2d at 498.
 
 
 8
 In a later order, the District Court dismissed the fourth cause of action on the grounds that the court could not invalidate a facially neutral statute on the basis of improper motives in enacting the statute. The court thus refused to consider the intent behind the statute and dismissed the action. We find that the District Court misconstrued the plaintiffs' cause of action. Their challenge to § 182 was not solely on the basis of the motive behind the legislation; rather, it included an allegation of the section's discriminatory impact in fact. Such an allegation of both improper motive and discriminatory impact is in keeping with language in recent Supreme Court cases to the effect that a challenge to state action require a disproportionate racial impact and a showing of discriminatory intent and purpose. See, e. g., Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).
 
 
 9
 Appellees contend that there has been no showing of discriminatory impact, but the court's action came simply on a motion to dismiss. This cause of action was not a part of the preliminary injunction hearing. Thus the examination must be limited to whether the allegation, if supported by facts developed in later proceedings, states a claim upon which the plaintiffs could recover. We find that it does. Of course, we express no view of the merits of plaintiffs' allegation.
 
 
 10
 The District Court's decision granting a summary judgment for defendants on plaintiffs' first three causes of action is vacated. The Court's dismissal of the fourth cause of action is reversed and the case is remanded for further proceedings consistent with this opinion.
 
 
 11
 VACATED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I