**Perry HICKEY, Plaintiff-Appellant,**

**James L. Poteet and Wilbur L. Brizius, Plaintiffs,**

**v.**

**ARKLA INDUSTRIES, INC. and Arkansas Louisiana Gas Co., Defendants-Appellees.**

**No. 78–1879.**

United States Court of Appeals, Fifth Circuit.

April 8, 1980.

As Modified on Denial of Rehearing and Rehearing En Banc June 19, 1980.

Louisiana." It was not until 1956 that the Louisiana Legislature added a second amend-

Stuart Nelkin, Margaret J. Livingston, Houston, Tex., for plaintiff-appellant.

Butler, Binion, Rice, Cook & Knapp, Tom M. Davis, Jr., Houston, Tex., for defendants-appellees.

Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

In this case we confront the recurring issue of the adequacy of notice when a trial court converts a motion to dismiss for failure to state a claim into a motion for summary judgment by considering matters out-

ment relating to the intent and purpose of the section.

side the pleadings.[1] Once again, we hold that where the motion to dismiss is converted into a motion for summary judgment, the notice and hearing requirements of Federal Rules of Civil Procedure 12(b) and 56(c) *must* be followed.

This case was a suit brought by the plaintiff under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* In the case at bar the trial judge notified the parties on January 25, 1978 that he would hold an informal conference on February 27 to hear argument on the defendants' motion to dismiss. The judge also instructed the plaintiff to submit a more detailed response to defendants' motion. On February 23, the plaintiff filed that response. On that same day, the defendants filed a brief in support of their motion. The brief made numerous references to plaintiff's deposition in support of the motion to dismiss. On the day of the hearing, plaintiff filed a rebuttal brief, also citing numerous passages from his deposition to buttress his legal position. The plaintiffs' deposition included testimony that favored his contention and some that militated against his position.

The district court held a hearing on February 27. Subsequently, the judge entered an order reciting that materials beyond the pleadings had been considered and dismissing plaintiff's complaint for failure to state a claim upon which relief could be granted. We reverse.

■ When matters outside the pleadings are presented to the trial judge and are not excluded, a 12(b)(6) motion is to be treated as a motion for summary judgment. Fed. R.Civ.Pro. 12(b). In such a situation, "the hearing and notice requirements of Rule 12(b) and 56(c) must be adhered to." *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (per curiam).

■ Rule 12(b) *requires* that parties "be given reasonable opportunity" to offer material pertinent to a motion for summary judgment. Rule 56(c) states that summary judgment motions "*shall be served* at least

10 days" prior to the hearing date. Combined, these rules establish that, as a rule of thumb, parties are entitled to 10 days notice that a 12(b)(6) motion is being treated as a Rule 56 motion for summary judgment.

■ Plaintiff had no such notice. The first indication plaintiff had that the trial court was considering matters outside the pleadings came when the order was issued. *See Underwood, supra.* The first indication plaintiff had that defendant intended to rely on matters outside the pleadings came four days before the time fixed for the hearing. Such notice is insufficient.

Plaintiff must have the opportunity "to present additional material and arguments going to the issue of summary judgment." *Id.* at 369. We will not assume that plaintiff has already produced all his ammunition. *Id.* "The very intimation of mortality when summary judgment is at issue assures us that the motion will be rebutted with every factual and legal argument available." *Georgia Southern & Florida Railway Co. v. Atlanta Coast Line Railroad Co.,* 373 F.2d 493, 498 (5th Cir.), *cert. denied,* 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967).

"Rule 12(b) *demands* that adequate notbe given to all parties when a 12(b)(6) motion is converted into a motion for summary judgment.[2] That strict requirement was not satisfied. The order of the district court is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion."

No member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the petition for rehearing en banc is DENIED.

---

1. Several of our previous efforts in this area are listed and discussed in *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979) (per curiam).

2. Of course, like most other requirements under the Rules such notice can be waived by the parties. Here, there is no basis for finding a waiver of the right to notice.