**ESTATE OF Arthur SMITH, Jr., et al., Plaintiffs-Appellants,**

v.

**TARRANT COUNTY HOSPITAL DISTRICT, et al., Defendants-Appellees.**

No. 82–1148
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1982.

Huey P. Mitchell, Fort Worth, Tex., for plaintiffs-appellants.

Frederick M. Schattman, Asst. Dist. Atty., Fort Worth, Tex., for Tarrant County.

Burford & Ryburn, James H. Holmes, III, Catherine A. Gerhauser, Dallas, Tex., for John Etlinger.

Fillmore & Camp, Patrick H. O'Neill, Fort Worth, Tex., for Lon Evans.

Mary Katherine Conroy, Asst. Atty. Gen., Austin, Tex., for State of Texas.

Joe Shannon, Jr., Fort Worth, Tex., for Tarrant County Hosp. Dist.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge.

This court again faces the issue of adequacy of notice when a trial court converts a motion to dismiss for failure to state a claim into a motion for summary judgment by considering matters outside of the

pleadings[1]. As we have stated before, where a motion to dismiss is converted into a motion for summary judgment, the notice and hearing requirements of Fed.R.Civ.P. 12(b) and 56(c) *must* be followed.[2] We thus vacate the summary judgment because it was rendered in violation of the notice requirements.

On June 27, 1980, the plaintiffs in this case instituted an action under 42 U.S.C. § 1983 against various political subdivisions and public officials in the State of Texas. The defendants responded with motions to dismiss for failure to state a claim. On September 16, 1980, the district court, noting that the twenty days for filing a response to the motion had elapsed, gave the plaintiffs an additional ten days in which to respond. The plaintiffs did so on September 26, 1980. For whatever or whosever reason the motion was not acted on at that time. Rather discovery was then begun by both sides in the form of interrogatories and depositions. On March 24, 1981, an order setting a schedule for disposition of the case was filed, with the trial set for October 13, 1981. This schedule was amended on October 7, 1981, with the trial reset for March 22, 1982. One month before the trial date, the plaintiffs filed a motion to amend their complaint. On March 4, 1982, the trial court, after "reading the pleadings and the depositions," dismissed the case. Thus at the time the court dismissed the case, motions to dismiss from each of the defendants and the plaintiffs' motion to amend their complaint were pending before the court.

Since no motion for summary judgment had been filed, this court can only assume that the district court issued its order in response either to the motions to dismiss that had been filed twenty-one months beforehand or perhaps to the plaintiffs' motion to amend the complaint that was filed ten days before the order. In either instance, whether a district judge grants a motion styled a motion to dismiss, but bases his ruling on facts developed outside the pleadings,[3] or *sua sponte* enters an order for summary judgment,[4] the appellate court will review the order under the standards laid down in Fed.R.Civ.P. 56.

Rule 56 clearly requires that summary judgment motions be served at least ten days prior to the hearing date and that all parties be given an opportunity to present additional material. This circuit has consistently interpreted the terms of Rule 56 strictly and has refused to dispense with the procedural safeguards of notice and hearing.[5]

Here the plaintiffs had no notice that there was to be a final judgment on the merits. At best, they had notice only that their pleadings might be rejected by a motion to dismiss.

---

1. "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).

2. *Hickey v. Arkla Indus., Inc.,* 615 F.2d 239, 240 (5th Cir. 1980); *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979). These procedural safeguards are equally applicable when a judge *sua sponte* orders summary judgment, *Sharlitt v. Gorinstein,* 535 F.2d 282, 283 (5th Cir. 1976), or where a summary judgment motion has been filed but no notice of hearing has been given. *Capital Films Corps. v. Charles Fries Prod.,* 628 F.2d 387, 392 (5th Cir. 1980).

3. See *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979); *Tuley v. Heyd,* 482 F.2d 590, 593 (5th Cir. 1973).

4. See *Davis v. Howard,* 561 F.2d 565, 571 (5th Cir. 1977); *Sharlitt v. Gorinstein,* 535 F.2d 282, 283 (5th Cir. 1976).

5. See *Capital Films Corp. v. Charles Fries Prod.,* 628 F.2d 387, 392 (5th Cir. 1980); *Hickey v. Arkla Indus. Inc.,* 615 F.2d 239, 240 (5th Cir. 1980); *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979); *Kibort v. Hampton,* 538 F.2d 90, 91 (5th Cir. 1976); *Sharlitt v. Gorinstein,* 535 F.2d 282, 283 (5th Cir. 1976); *Scott v. Courtesy Inns, Inc.,* 472 F.2d 563, 564 (5th Cir. 1973); *Gutierrez v. El Paso Community Action Program,* 462 F.2d 121, 122 (5th Cir. 1972); *Georgia So. & F. Ry. v. Atlantic Coast Line R.,* 373 F.2d 493, 497–98 (5th Cir. 1967); *Enochs v. Sisson,* 301 F.2d 125, 126 (5th Cir. 1962).

The summary judgment, granted here, which constitutes a final judgment on the merits, carried far greater impact than the matters explicitly before the court at the time of its order. Consequently, plaintiffs "must have an opportunity to present additional materials and arguments going to the issue of summary judgment." *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir. 1979). It might be that after twenty-three months, the district court was well satisfied that both parties had unearthed all of the facts and legal support that were to be found. But "we will not assume that the plaintiffs have already produced all of their ammunition." *Underwood,* 604 F.2d at 369.

Since we are remanding for the above stated reasons, we would also note that although findings of fact and conclusions of law are not necessary under Rules 12 and 56, Fed.R.Civ.P. 52(a), this court has required district courts to "record—however informally—their reasons for entering summary judgment, at least where their underlying holdings would otherwise be ambiguous or inascertainable." *Hanson v. Aetna Life & Cas.,* 625 F.2d 573, 575 (5th Cir. 1980) [6]. This is particularly true in the instant case where the appellate court has no way of determining which, if any, of the pending motions triggered the order. As is, the order of the district court is not sufficiently clear to permit meaningful appellate review.

Therefore, this case is remanded to the district court for further handling not inconsistent with this opinion.

VACATED AND REMANDED.

---

**6.** *See also Erco Indus. Ltd. v. Seaboard Coast Line R.,* 644 F.2d 424, 434 (5th Cir. 1981) (parties are entitled to know the basis for the summary judgment in order to facilitate appellate review).