UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60040
Summary Calendar
Civil Docket # 3:99-CV-118
_____

LARRY WESLEY LAWRENCE,

Plaintiff-Appellant,

versus

WILLIAM S. RICHARDSON; ROGER THOMAS; MIKE LANG;
JERRY McNEECE; DELMAR W. BASS, SR.; GEORGE GRANT;
BILL PATRICK; MICHAEL CUMMINS; JACK MAGEE; JOHN DOES;
SURETY BONDING CO.; CASSANDRA HUGHES; DEBBIE GRAHAM,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____
February 1, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        Larry Wesley Lawrence, Mississippi prisoner #46006,

appeals from the entry of final judgment pursuant to a jury verdict

for the defendants in his civil rights claim filed under 42 U.S.C.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983.

On appeal, he asserts that the district court erred by denying him court-appointed counsel; by denying his request for the issuance of subpoenas to certain free-world witnesses; and by failing to enforce its discovery order for certain records from the Scott County detention center. Finding no reversible error, we affirm.

The court carefully considered the standards for appointment of counsel in *pro se* civil rights cases and did not abuse its discretion in denying Lawrence's motion. Ulmer v. Chancellor, 691 F.2d 208, 213 (5th Cir. 1982).

The court made no mistake in refusing to issue subpoenas for which Lawrence did not pay the witness fee. The law affords no subsidy to I.F.P. plaintiffs for this expense.

Finally, with regard to the defendants' alleged failure to produce documents, there is no docket entry reflecting that Lawrence ever filed a motion to compel, while there is a docket entry in which defendants certified their compliance with the order. If these matters were discussed before or during trial and are in the trial transcript, and if Lawrence felt that violation of discovery orders occurred and prejudiced his ability to try the case, he should have so stated in his requests for production of a trial transcript at the government's expense. Instead, he said nothing about this claim in his motions for a transcript to the

district court, to a single judge of this court, and to a 3-judge panel on reconsideration. As a result, there is no record substantiating his claim. Based on Lawrence's continued lack of explanation about the relevance or prejudice relating to these documents in light of his specific claims, we will not at this late date reconsider the motion for a government-paid transcript and reject this point.

For these reasons, the district court judgment is **AFFIRMED**.