# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2012

No. 11-41062
Summary Calendar

Lyle W. Cayce
Clerk

THOMAS M. BRADDY, JR.,

Petitioner - Appellant

v.

UP FOX, Warden, United States Penitentiary Beaumont,

Respondent - Appellee

Appeals from the United States District Court
for the Eastern District of Texas
U.S. Dist. Ct. No. 1:10-cv-00401

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas M. Braddy, Jr. ("Braddy") appeals the district court's dismissal of his 28 U.S.C. §2241 application for want of jurisdiction. We AFFIRM in part and VACATE and REMAND in part.

Braddy was convicted of various charges, including a money laundering charge, in the Eastern District of Virginia. His efforts to challenge his conviction by way of a 28 U.S.C. §2255 application in that venue were unsuccessful. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41062

brought the instant §2241 application in the Eastern District of Texas, the venue where he is being held.[1]

Pertinent to this appeal, Braddy contends that the conviction and sentence for money laundering (*see* 18 U.S.C. § 1956(a)) pursuant to which he is being held is a "nonexistent offense" pursuant to *United States v. Santos*, 553 U.S. 507 (2008)[2] and the Fourth Circuit's analysis in *United States v. Heaps*, 39 F.3d 479, 486 (4th Cir. 1994). Ordinarily such a claim would be considered a challenge to his conviction and sentence under §2255 rather than a challenge to the manner of execution of his sentence under §2241, such that the district court in the Eastern District of Texas would lack jurisdiction over it. The district court concluded, and we agree, that it could have jurisdiction over this claim only if Braddy met the savings clause test set forth in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), construing 28 U.S.C. §2255(e).

Under this test, a claim may be asserted under §2241 if it is (1) based upon a retroactively applicable Supreme Court decision; (2) that was foreclosed by circuit law at the time when it should have been raised in the application's trial, appeal, or first §2255 motion; and (3) the retroactively applicable decision establishes that the applicant may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904. The district court presumed the first two elements of the test and analyzed the third, concluding that Braddy was not convicted of a "nonexistent offense" under *Santos* and this circuit's precedent of

---

[1] Braddy does not brief any challenge to the district court's conclusion that it would lack jurisdiction over any §2255 motion challenging his conviction and sentence unless it meets the savings clause test discussed more fully in the opinion. We affirm the district court's determination on that point.

[2] *Santos* addressed the meaning of the term "proceeds" in the money laundering statute. Thereafter, Congress amended the money laundering statute to provide a definition of "proceeds." *See* 18 U.S.C. § 1956(c)(9).

No. 11-41062

*Garland v. Roy*, 615 F.3d 391, 393 (5th Cir. 2010)(addressing application of *Santos* to a claim filed under §2241 and dismissed by the district court).

We conclude that it is unnecessary to reach the third prong of the *Reyes-Requena* test because Braddy's claim, on its face, fails the second prong. The precedents upon which he relies – *Santos* and *Heaps* – had both been decided prior to the filing of his first §2255 application.[3] That he was unsuccessful on that application is of no moment. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)(prior unsuccessful §2255 motion does not render §2255 relief inadequate). The fact remains that his claim was not "unavailable" to him at that time (and, indeed, was raised at that time). Thus, his challenge to his money laundering conviction and sentence does not meet the savings clause test, and the district court correctly dismissed it for want of jurisdiction.

One claim remains, however. Braddy also challenged the Government's alleged breach of its plea agreement in allegedly placing him in close prison confines with co-defendants. The district court did not address this issue which may raise a matter cognizable under §2241. Given that we cannot determine that the district court addressed this issue or the reasoning for dismissal as to this issue, we conclude that remand is appropriate. *Estate of Smith v. Tarrant County Hospital Dist.*, 691 F.2d 207, 209 (5th Cir. 1982)(remanding where order was not "sufficiently clear to permit meaningful appellate review"). Accordingly, we VACATE the dismissal of Braddy's claims to the extent only as to his claim that his plea agreement was breached by housing him in close proximity to co-defendants and REMAND to the district court for consideration in the first instance. We express no opinion as to the merits of this challenge or decision as to the propriety of raising it in this fashion. In all other respects, the district

---

[3] *Heaps* was decided in 1994, and *Santos* was decided in June of 2008. Braddy filed his first § 2255 application in December of 2008.

No. 11-41062

court's dismissal is AFFIRMED.  Braddy's motions for injunctive relief and for appointment of counsel are DENIED.