# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2013

No. 12-41211
Summary Calendar

Lyle W. Cayce
Clerk

THOMAS M. BRADDY, JR.,

Petitioner-Appellant

v.

UP FOX,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-401

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Thomas M. Braddy, Jr., federal prisoner # 58886-019, appeals the district court's denial, following remand from this court in *Braddy v. Fox*, 476 F. App'x 51, 51-52 (5th Cir. 2012), of his 28 U.S.C. § 2241 petition. He had been convicted of bank fraud conspiracy, aggravated identity theft, and money laundering, and he was sentenced to 174 months of imprisonment. Braddy argues that the Government breached his plea agreement by housing him in the same prison camp as one of his co-conspirators. He further contends that his claim that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government breached the plea agreement is cognizable in a § 2241 petition, and he repeatedly requests immediate release.  Braddy has also filed a motion to remand, to recuse Judges Garza, Southwick, and Haynes, and for the appointment of counsel.

To the extent the district court construed Braddy's claim of breach of the plea agreement as a § 2241 challenge to the manner of the execution of his sentence, the district court determined that the claim was moot, as the alleged breach was cured when Braddy was moved to a different facility.  While Braddy provides legal boilerplate regarding this issue, he fails to provide a coherent challenge to the district court's determinations regarding this issue.  He has therefore abandoned any such challenge.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  To the extent that Braddy is using his claim of breach of the plea agreement to challenge the legality of his conviction and sentence, the district court properly determined that the claim was a 28 U.S.C. § 2255 challenge.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  The district court also properly determined that it lacked jurisdiction unless Braddy's claims met the requirements of the savings clause of § 2255(e), as Braddy was convicted in the Eastern District of Virginia and he was previously denied § 2255 relief.  *See Braddy*, 476 F. App'x at 52; § 2255(e).  Braddy's arguments do not suggest that his claim of breach of the plea agreement is based upon a retroactively applicable Supreme Court decision, nor do his arguments suggest that he was convicted of a nonexistent offense.  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Accordingly, Braddy's claim does not meet the requirements of the savings clause.  *Id.*

For the foregoing reasons, the district court's judgment is AFFIRMED.  Braddy's motion to remand, to recuse Judges Garza, Southwick, and Haynes, and for the appointment of counsel is DENIED.