# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41504

JOSE GALVAN,

   Plaintiff - Appellant

v.

CALHOUN COUNTY; GEORGE ALEMAN, Sheriff; RACHEL MARTINEZ, Jail Administrator; RACHAEL CROBER, Officer,

   Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:16-CV-2

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

After prison guards allegedly delayed medical treatment for Jose Galvan's severe stomach pain, he brought suit under 42 U.S.C. § 1983. In response, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. The district court dismissed the claims. We AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41504

## FACTUAL AND PROCEDURAL BACKGROUND

While detained at the Calhoun County Adult Detention Center in Port Lavaca, Texas, Jose Galvan began experiencing severe pain. Galvan had a history of acid reflux. On December 24, 2013, he complained about his condition to Officer Rachael Crober, stating that his stomach was hurting so badly that he feared something more serious was causing his pain, perhaps his gallbladder. He asked to be taken to a hospital. Crober determined that his condition was not life threatening, and he did not need to go to the hospital. Crober offered Galvan some Pepto-Bismol instead, which Galvan accepted.

The next morning, Galvan was still suffering and asked to be taken to a hospital. Crober, after consulting with administrator Rachel Martinez, again refused. At Galvan's request, Crober gave Galvan a mixture of baking soda and water to alleviate his stomach pain. Galvan filed a grievance that day, reporting pain in his stomach and back. Galvan described the pain as so severe that he thought he might die.

Galvan was moved to a medical-segregation cell for closer observation on December 26. There, he continued to ask for medical treatment. It was not until the following day, however, that any medical professional finally evaluated Galvan. It was then that the treating physician, Dr. McFarland, diagnosed Galvan with acid reflux and constipation, determined that he did not need to be hospitalized, and prescribed medication. Galvan did not immediately improve, and on December 30 he was taken to a hospital. There, he was diagnosed with a urinary tract infection and was then brought back to the detention center. The next day, he again complained of extreme pain. He was taken to the hospital for a second time where he was diagnosed with calculus of gallbladder with acute cholecystitis, ultimately requiring removal of his gallbladder.

No. 16-41504

Galvan filed a complaint, alleging that the county, the sheriff, the captain, the jail administrator, and four officers treated his serious medical needs with deliberate indifference. In response, the defendants filed a motion to dismiss for failure to state a claim arguing that Galvan failed to (1) state a claim for denial of adequate medical care; (2) allege specific conduct by individual defendants that would constitute a constitutional deprivation; (3) allege facts to overcome the qualified immunity defense of the sheriff, the captain, and the officers; and (4) allege a custom, practice, or policy claim. The defendants also moved for summary judgment in the alternative and attached exhibits to the motion to dismiss to prove that they had not ignored Galvan's complaints.

On March 4, 2016, Galvan responded to the motion to dismiss and alternatively asked for leave to amend his complaint. Three days later, the district court held a pre-trial conference. There, the court set an internal review deadline of March 21. The court also entered a case management order providing that the parties would exchange documents by March 11 and permitting the parties to supplement their briefs by March 18.

After the district court granted leave, Galvan filed his amended complaint in which he dropped some of the defendants from the original suit, leaving only the county, Sheriff Aleman, Rachel Martinez, and Officer Rachael Crober. The defendants supplemented their initial response, and Galvan responded. Six months later, the district court entered a final decision in favor of the defendants in the form of an "Opinion on Dismissal." Galvan timely appealed.

## DISCUSSION

Galvan appeals from the dismissal. The district court held that Galvan failed to state a claim recognized by law. It also held that the facts showed

that he received "reasonable medical attention." The district court also dismissed Galvan's custom, practice, or policy claim against the County. Galvan has not meaningfully addressed this final issue on appeal. "When an appellant fails to advance arguments in the body of its brief in support of an issue it has raised on appeal, we consider such issues abandoned." *Justiss Oil Co., Inc. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996). Because the only factual allegations implicating Sheriff Aleman are the facts surrounding the custom, practice, or policy claim, which Galvan has abandoned, we focus on the deliberate indifference claims against Defendants Crober and Martinez.

Galvan's complaint alleges prison officials responded to his serious medical needs with deliberate indifference. "The Eighth Amendment prohibits punishment that is unnecessary and wanton infliction of pain." *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Treating the serious medical needs of inmates with deliberate indifference "constitutes the unnecessary and wanton infliction of pain and states a cause of action under 42 U.S.C. § 1983." *Id.* To establish a violation of deliberate indifference, the defendant "must first prove objective exposure to a substantial risk of serious harm. Additionally, he must show that prison officials acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006).

"To establish liability based on a delay in medical treatment, a plaintiff must show deliberate indifference to serious medical needs that resulted in substantial harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017). A plaintiff can show deliberate indifference with evidence that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See*

No. 16-41504

*Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  The pain that an inmate suffers during the delay caused by deliberate indifference is harm sufficient to support an award of damages.  *Alderson*, 848 F.3d at 422.

I.      *Whether Galvan failed to state a claim recognized by law*

We address first the district court's conclusion that Galvan failed to state a claim recognized by law.  Dismissals for failure to state a claim are reviewed *de novo.  Bustos v. Martini Club Inc.,* 599 F.3d 458, 461 (5th Cir. 2010).  A court should dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Taking well-pled factual allegations as true, the court should "then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The district court found that after complaining of his pain, Galvan received non-prescription remedies, then was moved to a medical-segregation unit for observation, and then was taken to the hospital.  The district court found that the defendants "took reasonable and appropriate steps to address his pain," which the district court determined was not "intentional disregard for Galvan's medical needs."  As a result, the district court held that his complaint failed to state a claim upon which relief could be granted.

We start with the point that refusing to treat a prisoner's complaints can give rise to Section 1983 liability.  *See Alderson,* 848 F.3d at 422 n.8.  A four-hour delay in treatment has been considered a sufficient claim of deliberate indifference. *Easter v. Powell*, 467 F.3d 459, 461–65 (5th Cir. 2006). In *Easter*, we held that the plaintiff stated a claim of deliberate indifference where he

5

alleged that the prison nurse refused to treat him even though she knew he was experiencing severe chest pain, he had a diagnosed heart condition, and he lacked access to the medication prescribed to treat it. *Id.* at 463–65. Similarly, this court has found an inmate's claim of deliberate indifference sufficient where he alleged that after an ineffective jaw surgery, he repeatedly complained of intense pain and made multiple urgent requests for medical treatment that were ignored. *Harris v. Hegmann*, 198 F.3d 153, 159–60 (5th Cir. 1999).

Galvan alleged that he received no attention from a physician or other trained medical provider from the time of his first complaint on December 24 until December 27. A guard responded to his complaints of severe, life-threatening pain by offering Pepto-Bismol and a home remedy. Like the plaintiff's requests for medical treatment in *Harris*, Galvan's repeated requests were not answered by Martinez and Crober for days. *See Harris,* 198 F.3d at 159–60. Galvan has alleged facts that would entitle him to relief if proven. Dismissal for failure to state a claim was error.

II.    *Whether the uncontested facts reveal Galvan received adequate care*

We next address the district court's conclusion that the uncontested facts revealed that Galvan received reasonable medical attention. Although the defendants filed a motion to dismiss, the defendants also attached exhibits and asked the court to convert the motion to dismiss into a motion for summary judgment. When a court considers evidence outside of the pleadings, it should convert the motion into a motion for summary judgment. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Conversion is appropriate when the nonmovant has adequate notice that the court may consider matters outside of the pleadings. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 196 (5th Cir. 1988) (quoting *Clark v.*

*Tarrant Cnty.*, 798 F.2d 736, 746 (5th Cir. 1986)). Reasonable doubts as to whether the nonmovant received adequate notice should be resolved in the favor of the nonmovant. *Resolution Tr. Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1402 (5th Cir. 1993). Galvan did not raise arguments concerning prejudice or lack of notice in any meaningful way on appeal. He therefore forfeited any such arguments.

Regardless of the district court's intent, under our precedent, when a district court grants a motion to dismiss but relies on facts outside of the pleadings, the appropriate standard for our review is the summary judgment standard. *Smith's Estate v. Tarrant Cnty. Hosp. Dist.*, 691 F.2d 207, 208 (5th Cir. 1982). Here, the district court relied on facts outside of the pleadings in order to hold that Galvan did receive adequate medical care. As a result, we review this conclusion under the summary judgment standard.

A district court's "grant of summary judgment is reviewed *de novo* under the same standard as that applied by the district court." *Ellert v. Univ. of Tex.*, 52 F.3d 543, 545 (5th Cir. 1995). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "In considering the motion, the district court must draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975). In addition to showing there are no factual issues warranting trial, the party moving for summary judgment must establish that it is entitled to judgment as a matter of law. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The movant must make this requisite showing before the burden shifts to the nonmovant to produce evidence to oppose the motion. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991).

The district court considered the materials outside of the pleadings and concluded that the uncontested facts demonstrated that Galvan did not have a viable claim of deliberate indifference. To support its conclusion, the district court referenced the fact that a doctor diagnosed Galvan with acid reflux on December 27 and that doctors diagnosed him with a urinary tract infection on December 30. It also noted the non-prescription remedies administered to Galvan by the defendants before he was seen by a doctor. Based on these facts, the district court concluded that "no medical treatment was arbitrarily withheld."

Although the record shows that Galvan was eventually seen by a doctor, the district court did not address whether the delay between when Galvan complained and when he was evaluated by a doctor was deliberate indifference. Such delays can give rise to a claim of deliberate indifference. *Easter*, 467 F.3d at 461–65. Even under the facts as presented by the defendants, from December 24 until December 27, Galvan continued to complain of pain. There was a three-day delay before Galvan was seen by a doctor, during which Galvan reported experiencing excruciating pain. As a result, Martinez and Crober have not shown that they are entitled to judgment as a matter of law. There remains a genuine dispute of material fact as to whether the defendants were deliberately indifferent to Galvan's injury.

Although the defendants assert on appeal that they are entitled to qualified immunity, the district court did not rule on this issue, so we do not reach it. *See, e.g., Galvan v. Garmon*, 710 F.2d 214, 215 n.2 (5th Cir. 1983).

We AFFIRM the dismissal of Calhoun County and Sheriff Aleman. We REVERSE the dismissal of Defendants Crober and Martinez and REMAND for further proceedings.